WATERS AND WATER RIGHTS Hydrocarbon industrial facilities (e.g., petroleum refineries and gas plants) which discharge waste waters into the waters of the State are required to obtain a permit in accordance with 82 O.S. 926.4 [82-926.4] (1977) the requirements of which are to be compatible with the rules and regulations adopted by the Corporation Commission as provided in 52 O.S. 139 [52-139] (1971). The Attorney General has considered your request for an opinion on the following question: Are hydrocarbon industrial facilities (e.g., petroleum refineries and gas plants), which discharge wastewater into the waters of the State, required to obtain a permit in accordance with 82 O.S. 926.4 [82-926.4] (1977). Title 82 O.S. 926.4 [82-926.4] (1977) provides in pertinent part: "B. It shall be unlawful for any person to carry on any of the following activities without first securing such permit from the Board, as is required by it, for the discharge of all industrial wastes which are or may be discharged thereby into the waters of the State: (1) the construction, installation, modification or operation of any industrial disposal system or part thereof or any extension or addition thereto; (2) the increase of volume or strength of any industrial wastes in excess of the permissive discharges specified under any existing permit; (3) the construction, installation or operation of any industrial or commercial establishment or any extension or modification thereof or addition thereto, the operation of which will cause an increase in the discharge of wastes into the waters of the State or would otherwise alter the physical, chemical or biological properties of any waters of the State in any manner not already lawfully authorized; or (4) the construction or use of any new outlet for the discharge of any industrial wastes into the waters of the State . . ." Title 82 O.S. 926.1 [82-926.1](7) (1977) defines person as follows: " 'Persons' means the State, any municipality, political sub division, institution, public or private corporation, individual, partnership or other entity." It is evident from a plain reading of 82 O.S. 926.1 [82-926.1](7) that petroleum refineries and gas plants being either public or private corporations or other entities are "persons" within the meaning of 82 O.S. 926.4 [82-926.4]. A review of the above-quoted statutes, considered alone, would indicate that if the entities to which you refer are engaged in any of the activities listed in the above-quoted paragraphs of 82 O.S. 926.4 [82-926.4] then they are required to seek a permit from the Oklahoma Water Resources Board. The determination as to whether such entities engage in such activities is one of fact to be made by the Board. The only circumstance under which these entities would not be subject to the provisions of 82 O.S. 926.4 [82-926.4] would be if paragraph B-3 were found to be applicable. Said paragraph provides in pertinent part as follows: "The construction, installation or operation of any industrial or commercial establishment . . . the operation of which . . . would otherwise alter the physical, chemical or biological properties of any waters of the State in any manner not already lawfully authorized. . ." (Emphasis added) If we assume that petroleum refineries and gas plants are subject to the provisions of 82 O.S. 926.4 [82-926.4], we must then determine if paragraph B-3 is applicable to the extent that these entities are exempted by virtue of other legislation which authorizes such activities without a permit from the Oklahoma Water Resources Board. Title 52 O.S. 139 [52-139] (1971) provides as follows: "The Corporation Commission of Oklahoma, referred to in this Act as the 'Commission', is hereby vested with jurisdiction, power and authority, and it shall be its duty, to make and enforce such rules, regulations and orders governing and regulating the handling, storage and disposition of salt water, mineral brines, wash oil and other deleterious substances produced from or obtained or used in connection with the drilling, development, producing, refining and processing of oil and gas within the State of Oklahoma or operation of oil or gas wells in this State as are reasonable and necessary for the purpose of preventing the pollution of the surface and subsurface waters in the State, and to otherwise carry out the purpose of this Act." The above-quoted statute grants the Corporation Commission the authority to make and enforce rules and regulations governing the discharge of industrial waters into the waters of the State of Oklahoma generated by oil and gas entities. Paragraph B-3 of 82 O.S. 926.4 [82-926.4] only exempts those entities from permit requirements which alter the physical, chemical or biological properties of any waters of the state in any manner already lawfully authorized. 52 O.S. 139 [52-139] does not authorize oil and gas entities to alter the physical, chemical or biological properties of any waters of the State, but to the contrary provides for the establishment of rules and regulations for the purpose of preventing the pollution of the surface and subsurface waters of the State. The first paragraph of 82 O.S. 926.4 [82-926.4] (1977) provides: "It shall be unlawful for any person to cause pollution as defined in Section 1 of this Act of any waters of the State or to place or cause to be placed any wastes in a location where they are likely to cause pollution of any waters of the State. Any such action is hereby declared to be a public nuisance." It is apparent that the objective of the two statutes is the same to wit: The prevention of pollution of the waters of the State. 82 O.S. 926.4 [82-926.4] (1977) is not an impermissible encroachment upon the rule making and regulatory power of the Corporation Commission as found in 52 O.S. 139 [52-139] (1971), but rather is a permitting procedure. The statutes are not in conflict but rather can be harmoniously construed together. 52 O.S. 139 [52-139] (1971) authorizes the Corporation Commission to make and enforce rules and regulations to prevent pollution of State waters through oil and gas waste products. These entities are legally required to comply with such rules and regulations but before they can begin discharging such wastes into State waters they must secure a permit from the Oklahoma Water Resources Board. The fact that a permit must be secured from the Oklahoma Water Resources Board does not in any way minimize the authority or power of the Corporation Commission. The Oklahoma Water Resources Board by virtue of 82 O.S. 926.3 [82-926.3] (1977) is authorized "to advise, construct and cooperate with other agencies of this State . . . in furtherance of the purposes of this act"; therefore, any requirements made by the Oklahoma Water Resources Board upon gas plants and oil refineries prior to granting a discharge permit as contemplated in 82 O.S. 926.4 [82-926.4] (1977) can be compatible with the rules and regulations of the Corporation Commission for the statutes contemplate that the expertise applied by each agency will result in the common goal of controlling the pollution of State waters. This conclusion is further supported by the language found in 82 O.S. 926.12 [82-926.12] (1977) which states: "This act shall not be construed as repealing any laws of the State relating to the pollution of waters thereof or any conservation laws, but shall be held and construed as auxiliary and supplementary thereto, except to the extent that the same are in direct conflict herewith." Therefore, it is the opinion of the Attorney General that your question be answered as follows: Hydrocarbon industrial facilities (e.g., petroleum refineries and gas plants) which discharge waste waters into the waters of the State are required to obtain a permit in accordance with 82 O.S. 926.4 [82-926.4] (1977) the requirements of which are to be compatible with the rules and regulations adopted by the Corporation Commission as provided in 52 O.S. 139 [52-139] (1971). (AMALIJA J. HODGINS) ** SEE: OPINION NO. 79-205 (1979) **